IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

APPLE GATE,

    Defendant.

No. CR 06-0173 SI

**ORDER OF DETENTION PENDING TRIAL**

This matter came before the Court on March 27, 2006 for a detention hearing. The Defendant, Apple Gate, was present and represented by Manny Daskal. Special Assistant United States Attorney Zachary D. Bird appeared for the United States of America.

Pretrial Services submitted a report to the Court and the parties that recommended release on an unsecured $10,000 bond, and a representative of Pretrial Services was not present at the hearing but was available by phone. The government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(l).

The Bail Reform Act of 1984, 18 U.S.C. § 3141-50, sets forth four factors that the Court must consider in determining whether pretrial detention is warranted. These factors are:

  (1) the nature and circumstances of the offense charged (§ 3142(g)(1));

  (2) the weight of the evidence against the person (§ 3142(g)(2));

  (3) the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

  (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release (§ 3142(g)(4)).

  With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of retaliating against a federal official by threatening a family member, in violation of 18 U.S.C. § 115(a)(1)(A). The indictment outlines the present charge, and the government's proffer at the hearing presented further details, as follows: In 1987, Merit Systems Protection Board (MSPB) Judge LuNell Anderson issued a decision upholding the termination of USPS employee Apple Gate. Beginning in approximately 1996, Gate began a campaign of calling Judge Anderson and leaving harassing, abusive messages for her.

  In 1997, Gate was indicted on a charge of violating 18 U.S.C. § 115. Gate ultimately pled guilty to a misdemeanor information charging him with impeding certain officers or employees in their official duties, in violation of 18 U.S.C. § 111(a). In 1998, Gate was sentenced to three years probation on the misdemeanor. According to the Pretrial Services report, approximately four Form 12s were filed against the Defendant while he was on probation.

  Most recently, on January 12, 2006, Gate called Judge Anderson at work, using a false name (Jack Anderson) with the receptionist in order to be transferred to Judge Anderson's direct extension. Judge Anderson picked up the phone believing "Jack Anderson" to be her brother, and Gate (whose apparently distinctive voice Judge Anderson immediately recognized) said something to the effect of: "I see a bullet in your child's head."

  The second factor, the weight of the evidence, is considered the least important. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. <u>United States v. Gebro</u>, 948 F.2d 1118, 1121-22 (9th Cir. 1991). However, the weight of the evidence appears strong here and is relevant "in terms of the likelihood that the person will fail to appear or will pose a danger to the

2

1  community." United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).  The Court notes that the

2  maximum sentence in this case, 10 years imprisonment, is far longer than any sentence the Defendant

3  has served.

4        The Court further finds that the third factor, the history and characteristics of the Defendant,

5  and the fourth factor, the nature and seriousness of danger to he community, militate in favor of

6  detention.  The Pretrial Services Report confirms the Defendant has a prior criminal history.  The

7  Defendant has suffered a prior conviction in 1991 for defrauding an innkeeper in violation of California

8  Penal Code section 537(a)(1), as well as a 1993 violation for possession an unregistered weapon

9  which the Defendant attempted to bring into the United States Capitol Building.  The Court again notes

10  that the Defendant has a prior conviction for impeding a federal officer in his or her official duty, a

11  violation of 18 U.S.C. section 111(a).  As set forth above, that case involved the same victim as in the

12  current indictment against Mr. Gate.

13        In addition, the Pretrial Services Report discloses that two bench warrants have been issued

14  for the Defendant, none of which appears to have been issued while the Defendant was incarcerated

15  or after a charge had been disposed of.

16        Accordingly, the Court finds by clear and convincing evidence that no condition or

17  combination of conditions of release will reasonably assure the safety of the community.

18        Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

19  (1) the Defendant be, and hereby is, committed to the custody of the Attorney

20  General for confinement in a corrections facility separate, to the extent

21  practicable, from persons awaiting or serving sentences or being held in custody

22  pending appeal;

23  (2) the Defendant be afforded reasonable opportunity for private consultation with

24  his counsel; and

25  (3) on order of a court of the United States or on request of an attorney for the

26  government, the person in charge of the corrections facility in which the

27  Defendant is confined shall deliver the Defendant to an authorized Deputy

28  United States Marshal for the purpose of any appearance in connection with a court

**United States District Court**
For the Northern District of California

1 proceeding.
2 Dated: 3/29/06

_____
NANDOR J. VADAS
United States Magistrate Judge